David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiff,
DAN C.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN C.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY dba ANTHEM BLUE CROSS; DIRECTORS GUILD OF AMERICA—PRODUCER HEALTH PLAN; and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 3:22-cv-00980-YGR<br><br>**PLAINTIFF DAN C.'S OPPOSITION TO DIRECTORS GUILD OF AMERICA— PRODUCER HEALTH PLAN'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Action Filed: February 17, 2022<br>Amended Complaint Filed: March 28, 2022<br>Hearing Date: May 17, 2022<br>Hearing Time: 2:00 p.m.<br>Hon. Yvonne Gonzalez Rogers<br>Courtroom 1, Fourth Floor |

## I. INTRODUCTION

Defendant Directors Guild of America Producer Health Plan's ("DGA Plan") motion to dismiss or, in the alternative, to transfer venue fails because under ERISA's broad statutory venue provision, venue is proper in any district where "a defendant may be found." 29 U.S.C. § 1132(e)(2). A defendant "may be found" for purposes of ERISA in any district where personal jurisdiction is proper. *Varsic v. U.S. Dist. Ct. for Central Dist. Of Calif.*, 607 F.2d 245, 248. Here, both the DGA Plan and its co-defendant Anthem Life and Health Insurance Company ("Anthem"), may be found in the Northern District of California. The DGA Plan has not and cannot meet its burden to show that venue is not proper in the Northern District. To the extent the Plan's motion is framed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), the analysis ends there and its motion must be denied. Rule 12(b)(3) provides that a case may be dismissed by motion for "improper venue." There can be no dispute that under ERISA's venue provision, venue is proper in the Northern District of California.

The Plan's alternative argument, under 28 U.S.C. § 1404(a), that this matter should be transferred for the convenience of the parties and witnesses, also fails. None of the factors the DGA Plan raises supporting its request to transfer venue to the Central District weigh in favor of transfer. This is an ERISA action. There will be no jury trial, no live testimony, and no witnesses. It will be a bench trial based on a paper administrative record. If there is any discovery – a big if in any ERISA case – it will be written. If depositions are necessary and allowed – again a big if – they can be conducted remotely via videoconference.

Moreover, even if there were witnesses and evidence outside the administrative record to be presented at trial, those witnesses and evidence are not, as the Plan suggests, exclusively in the Central District. Anthem—which has already filed its Answer in this action—does business in and can be found throughout the state of California, including in the Northern District. But more importantly, Anthem uses a separate company – Anthem UM Services, Inc. – to conduct medical necessity reviews and issue claim decisions on mental health insurance claims such as those at issue in this case. Anthem UM Services, Inc. is headquartered in Indiana, and does

1

PLAINTIFF DAN C.S' OPPOSITION TO DEFENDANT'S MOTION     CASE NO. 3:22-cv-00980-YGR
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

business throughout California. [See Declaration of David Lilienstein ("Lilienstein Dec,"), Exhibit A]. Anthem UM Services, Inc. issued the first level appeal denial in this case. The second level appeal denial in this case was based on a report from another third-party company – Medical Review Institute of America (MRIoA). MRIoA is located in Utah. [See Lilienstein Dec., Exhibit B]. The denied mental health treatment at issue in this case was received at a residential treatment center located in Montana. So contrary to the Plan's contention, relevant witnesses do not reside in the Central District.

Most importantly, Plaintiff elected to file this action in the Northern District of California. Plaintiff's choice of venue should not easily be overturned, and "[t]his is especially true in ERISA cases, where '[a] plaintiff's choice of forum is accorded great deference.'" *Ansari v. UnitedHealthcare Ins. Co.*, 2019 WL 6729716 at *3 (C.D. Cal. Sept. 25, 2019).

## II.   BRIEF FACTUAL AND PROCEDURAL SUMMARY

Plaintiff Dan C. is a participant in the Directors Guild of America—Producer Health Plan ("the Plan" or "the DGA Plan"), an employee welfare benefit plan within the meaning of ERISA section 3(1), 29 U.S.C. § 1002(1). [FAC ¶5]. Defendant Anthem administered mental health benefits under the Plan. [FAC ¶ 6]. Plaintiff's son, R.C., was a covered beneficiary under the Plan. [FAC ¶11]. Due to severe mental illness, R.C. received mental health treatment at a residential treatment center. [See FAC ¶¶17-22]. The residential treatment center, Intermountain Children's Home ("Intermountain"), is located in Utah. [See Declaration of David Lilienstein, ¶5]. Defendants Anthem and the Plan denied Plaintiff's claims and appeals for R.C.'s residential treatment at Intermountain. [FAC ¶¶25, 27]. This action ensued.

On February 17, 2022, Plaintiff filed his Complaint for (1) Recovery of Benefits due Under an ERISA Benefit Plan and (2) Breach of Fiduciary Duty Under ERISA. On March 28, 2022, Plaintiff filed a Notice of Voluntary Dismissal of Defendant Directors Guild of America. [Dkt. 13]. Also on March 28, 2022, Plaintiff filed his FAC for (1) Recovery of Benefits due Under an ERISA Benefit Plan and (2) Breach of Fiduciary Duty Under ERISA. [Dkt. 14]. On April 8, 2022, the Plan filed its motion to dismiss or, in the alternative, to transfer venue. [Dkt. 16].

2

PLAINTIFF DAN C.S' OPPOSITION TO DEFENDANT'S MOTION                    CASE NO. 3:22-cv-00980-YGR
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

1    On April 11, 2022, Defendant Anthem filed its answer to the FAC. [Dkt. 17]. Defendant Anthem admits that it is a health insurance provider authorized to transact and currently transacting business in the State of California and that this Court has subject matter jurisdiction over Plaintiff's claim for relief pursuant to ERISA. [See Dkt. 17, ¶¶1, 7].

### III.     LEGAL STANDARD

Federal jurisdiction exists in this ERISA action pursuant to 29 U.S.C. § 1132(e), which provides "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  For venue purposes, a defendant corporation shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2).

Pursuant to 28 U.S.C. § 1404 "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is convenient to the parties and witnesses.

In ruling on a motion to transfer, the Court must determine first whether the action "might have been brought" in the forum to which transfer is sought. See *Hoffman v. Blaski*, 363 U.S. 335, 344 (9th Cir. 1985). If the proposed district is a viable one, the Court must determine whether an exercise of its broad discretion to transfer venue is warranted based on an "individualized, case-by-case consideration of convenience and fairness." *Stuart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In addition to the convenience considerations enumerated by § 1404, the Ninth Circuit has identified other factors that should be weighed by the court when considering a transfer: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability

3

PLAINTIFF DAN C.S' OPPOSITION TO DEFENDANT'S MOTION                CASE NO. 3:22-cv-00980-YGR
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000)

Because venue in this case is proper in both the Northern District and the Central District, the Plan has the "strong" burden to show that a transfer is warranted. See *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).   For all these reasons, it has not met this burden.

## IV.   ARGUMENT

### A.  Venue is Proper in the Northern District of California Under 29 U.S.C. § 1132(e)(2)

#### 1.   ERISA's Venue Provision is Interpreted Broadly

The Plan does not even attempt to argue that either it or its co-defendant, Anthem, cannot be found in the Northern District of California.  Its motion fails for that reason alone.  Venue is appropriate in an ERISA action "where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C.A. § 1132(e)(2).  The Plan conspicuously argues only that it "does not reside in the Northern District." [Mot. at 3:18].  But it certainly may be found here, as can Anthem.

"Congress intended to give ERISA plaintiffs an expansive range of venue locations." *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005).  The Ninth Circuit has held that "found" as used in section 1132(e)(2) should be applied broadly, and that "if personal jurisdiction is properly asserted over [a defendant], it is 'found' there." *Varsic v. U.S. Dist. Ct. for Cent. Dist. of California*, 607 F.2d 245, 248 (9th Cir. 1979) (granting petition to rescind order transferring ERISA action).

The Plan acknowledges that a percentage of its members are residents of the San Francisco Bay Area. The existing caselaw supports that this is enough to satisfy the "minimum contacts" test for personal jurisdiction. "This test is met where a defendant 'purposefully directs' its activities toward the forum district, even without a physical presence." *Bohara v. Backus*

4

PLAINTIFF DAN C.S' OPPOSITION TO DEFENDANT'S MOTION      CASE NO. 3:22-cv-00980-YGR
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

*Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005), citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

      2.    **Both the Plan and Anthem May be Found in the Northern District**

Courts have routinely held that transacting business in a state is enough to establish personal jurisdiction, even if there is no other connection to that forum. For example, in *Ansari v. UnitedHealthcare Ins. Co.*, No. LACV1904068JAKJPRX, 2019 WL 6729716 (C.D. Cal. Sept. 25, 2019), the court denied Defendant's motion to transfer venue from the Central District of California to the District of Arizona. In *Ansari,* all of the events giving rise to the action occurred in Arizona, the Plaintiff resided in Arizona, the plan was administered in Arizona, and United's principal place of business is in Connecticut. *Id*. at 3. Despite these facts, the court found that venue was proper in the Central District because the defendant "may be found" there and had "not carried its burden to show that transfer would be convenient to the parties or witnesses, or that transfer would promote the interests of justice." *Id.* at 6.

Defendant Anthem conducts business throughout California, and "may be found" in the Northern District. Anthem does not allege venue is improper, nor does it join in the Plan's motion to transfer. The Plan acknowledges that a percentage of its members are residents of the San Francisco Bay Area. Thus, the Plan "may be found" in the Northern District. Indeed, all Defendants may be found in the Northern District.

    B.  **The Plan Has Failed to Make a Strong Showing to Warrant Transfer Under 28 U.S.C. § 1404(a)**

Convenience considerations and the interests of justice are not served by transfer in this ERISA action. The Plan claims only three factors weigh in favor of transfer: (1) availability of compulsory process, (2) ease of access to sources of proof, and (3) the Parties' respective contacts. Each of the Plan's claims are without merit. As a result, the motion should be denied.

The Plan has not cited a single ERISA benefits case granting transfer under section 1404. The only two ERISA cases mentioned in the Plan's motion are readily distinguishable. *Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*, 2006 WL 1524590 (S.D.N.Y. June 5,

5

**PLAINTIFF DAN C.S' OPPOSITION TO DEFENDANT'S MOTION**      **CASE NO. 3:22-cv-00980-YGR**
**TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

2006) is an unpublished out-of-circuit case involving transfer of six consolidated securities class action cases, only one of which included an ERISA cause of action related to a pension fund. It has no mention, let alone discussion, of ERISA's venue provision. The second case, *Finley v. Dun & Bradstreet Corp.*, 2006 WL 861920 (N.D. Ill. Mar. 30, 2006), another unpublished out-of-circuit case, was a putative class action seeking plan-wide relief for converting a pension plan from a tradition to a cash-balance plan. There, the court noted that the plaintiff's choice of forum is generally accorded great deference, but such deference is "diminished where, as here, Plaintiff is a representative of a class." *Id.* at *2. That is not the case in the instant action, where Plaintiff brings an individual case seeking recovery of denied mental health benefits.

The remainder of the Plan's cited authority are breach of contract, accessibility, shareholder derivative, RICO, and patent infringement cases. Many of the considerations in venue transfer actions involving state law claims, potential jury trials, extensive discovery and evidence are inapplicable in the ERISA context. *See Sharma v. Globalfoundries U.S., Inc.,* 2016 WL 2742399 (N.D. Cal. May 11, 2016) (denying motion to transfer venue in ERISA action where case was likely to be decided on the administrative record, and both transferor and transferee courts would be equally familiar with Federal ERISA statutes)

   1.   **Plaintiff's Choice of Forum**

The Plan acknowledges that Plaintiff's choice of forum is a factor in favor of the case remaining in the Northern District. Plaintiff's choice of forum is in fact a substantial factor in venue selection. "'The plaintiff's choice of forum should not be easily overturned.' This is especially true in ERISA cases, where "[a] plaintiff's choice of forum is accorded great deference." *Ansari v. UnitedHealthcare Ins. Co.*, No. LACV1904068JAKJPRX, 2019 WL 6729716, at *3 (C.D. Cal. Sept. 25, 2019) (internal citations omitted).

The Plan then claims that the parties' respective contacts outweigh the Plaintiff's choice of forum. This analysis is wrong both factually and conceptually. First, the Plan's argument is based on numerous factual errors. The Plan claims (1) Plaintiff has no relevant contacts with the

6

PLAINTIFF DAN C.S' OPPOSITION TO DEFENDANT'S MOTION                    CASE NO. 3:22-cv-00980-YGR
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Northern District of California, (2) the treatment at issue occurred in the Central District, and (3) all of the events relevant to Plaintiff's causes of action occurred in the Central District. Each of these claims are false. In fact, (1) Plaintiff's attorneys are located in San Francisco, saving Plaintiff costs, (2) the treatment at issue occurred in Montana, (3) Medical Review Institute of America, Inc., the third-party medical review company that adjudicated Plaintiff's second level appeal, is based out of Utah. [See Exhibit B attached to Declaration of David Lilienstein ("Lilienstein Dec.")]. Likewise, Anthem UM Services, Inc., the entity that issued the claim denials at issue, is headquartered in Indiana. [See Lilienstein Dec., Exhibit A]. Since the Plan has failed to show that the situs of material events occurred in the Central District, the Plan's argument must be rejected.

### 2. Availability of Compulsory Process

The Plan fails to make any argument that availability of compulsory process will be limited if the case remains in the Northern District. The Plan simply states that Federal Rule of Civil Procedure 45 states that a subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person and that the County of Los Angeles is approximately 280 miles outside of the Northern District of California. But the Plan fails to consider that Federal Rule of Civil Procedure 30(b)(4) allows depositions to be taken remotely by either stipulation or court order. The Plan also fails to consider that the scope of discovery in a case subject to ERISA is limited and that Plaintiff is amenable to conducting any deposition (if there are any) in the Los Angeles area if not remotely. *See Sharma v. Globalfoundries U.S., Inc.,* 2016 WL 2742399 at *3 (N.D. Cal. May 11, 2016) (denying motion to transfer venue, noting that "an ERISA action is likely to be decided on the administrative record. Consequently, the ability to compel attendance of unwilling witnesses and the relative ease of access to other evidence is likely irrelevant.")

//

//

7

**PLAINTIFF DAN C.S' OPPOSITION TO DEFENDANT'S MOTION    CASE NO. 3:22-cv-00980-YGR
TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

### 3. Ease of Access to Sources of Proof

Similarly, the Plan fails to make any substantial argument that ease of access to sources of proof will be limited if this case remains in the Northern District. The Plan argues that because Plaintiff, all pertinent facilities, and virtually all potential witnesses reside in the Central District, the convenience of the parties and principal witnesses likely to be deposed or testify at trial weighs in favor of transfer. This argument fails. As noted above, Plaintiff's son received treatment at a facility in Montana, not Los Angeles. Two of the third-party companies that assessed Plaintiff's claims and issued denial decisions, Anthem UM Services, Inc. and MRIoA, are headquartered in Indiana and Utah, respectively. [See Lilienstein Dec., Exhibits A and B]. The Plan also fails to consider Federal Rule of Civil Procedure 30(b)(4) which allows for remote depositions. The Plan fails to consider that this is an ERISA action with no trial witnesses. Thus, the Plan has failed to establish that any factor weighs in favor of transfer, much less the "strong showing" required under the law. See *Decker Coal Co. v. Commonwealth Edison Co.*, *supra*, 805 F.2d at 843. Plaintiff's choice of forum outweighs all of the Plan's falsely claimed factors favoring transfer.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Plan's motion to dismiss Plaintiff's lawsuit, or in the alternative transfer the case to the Central District.

Dated: April 22, 2022                           Respectfully submitted,
                                                **DL LAW GROUP**

                                                By:___/S/ *David M. Lilienstein*_____
                                                 David M. Lilienstein
                                                 Katie J. Spielman
                                                 Attorneys for Plaintiff DAN C.