1 | SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
2 | kslaught@seyfarth.com
560 Mission Street, 31st Floor
3 | San Francisco, California 94105
Telephone:   (415) 397-2823
4 | Facsimile:    (415) 397-8549

5 | SEYFARTH SHAW LLP
Ryan R. Tikker (SBN 312860)
6 | E-mail:  rtikker@seyfarth.com
2029 Century Park East, Suite 3500
7 | Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
8 | Facsimile:    (310) 201-5219

9 | Attorneys for Defendants
DIRECTORS GUILD OF AMERICA—
10 | PRODUCER HEALTH PLAN

11

12 | UNITED STATES DISTRICT COURT

13 | CENTRAL DISTRICT OF CALIFORNIA

14

15 | DAN C., | Case No. 2:22−cv−03647−FLA−AFM

16 |     Plaintiff, | **DEFENDANT DIRECTORS GUILD OF AMERICA-PRODUCER HEALTH PLAN'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUTOFF AND REQUEST FOR ORDER SHORTENING TIME TO HEAR MOTION**

17 |     v.

18 | ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY dba
19 | ANTHEM BLUE CROSS; DIRECTORS GUILD OF AMERICA—PRODUCER
20 | HEALTH PLAN; and DOES 1 through 10, | Date:          January 13, 2023
Time:          1:30 p.m.
21 |     Defendants. | Courtroom:  6B
Location:     350 W. 1st Street,
22 | |                 Los Angeles, CA 90012
23 | | Judge:        Hon. Fernando L. Aenlle-Rocha

24

25

26

27

28

---

DEFENDANT DGA'S OPPOSITION TO PLAINTIFF'S MOTION/REQUEST TO EXTEND DISCOVERY CUTOFF

1

# **TABLE OF CONTENTS**

2   I.      INTRODUCTION ...................................................................................1

3   II.     ARGUMENT ........................................................................................2

4           A.     This Court Should Refuse to Reopen Discovery ..........................2

5                  1.     Trial is Imminent...................................................................4

6                  2.     The Plan Opposes Plaintiff's Request ..................................4

7                  3.     The Plan Would be Prejudiced by Plaintiff's Continued Pursuit
                          of Discovery ..........................................................................4

8

9                  4.     Plaintiff Did Not Diligently Pursue Discovery....................5

10                 5.     Plaintiff Agreed to the Schedule Ordered by the District Court,
                          Yet Delayed in Pursuing Discovery......................................7

11                 6.     It is Unlikely That Plaintiff's Discovery Will Lead to Relevant
                          Evidence. ...............................................................................8

12          III.   CONCLUSION..................................................................................11

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DGA'S OPPOSITION TO PLAINTIFF'S MOTION/REQUEST TO EXTEND DISCOVERY CUTOFF

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abatie v. Alta Health and Life Ins. Co.*,
    458 F.3d 955 (9th Cir. 2006) .................................................................9, 10

*Anderson v. Loma Linda Cnty. Hosp.*,
    996 F.2d 1223 (9th Cir. 1993) .................................................................3

*Anderson v. Suburban Teamsters of N. Illinois Pension Fund Bd. Of Trustees*,
    588 F.3d 641 (9th Cir. 2009) ..................................................................8

*Caplan v. CAN Fin. Corp.*,
    544 F. Supp. 2d 984 (N.D.Cal. 2008) ....................................................10

*City of Pomona v. SQM N. Am. Corp.*,
    866 F.3d 1060 (9th Cir. 2017) ................................................................3

*Cornwell v. Electra Cent. Credit Union*,
    439 F.3d 1018 (9th Cir. 2006) ................................................................3

*Hancock v. Aetna Life Ins. Co.*,
    321 F.R.D. 383 (W.D.Wash. 2017) ........................................................10

*Jones v. Laborers Health & Welfare Tr. Fund*,
    906 F.2d 480 (9th Cir. 1990) ..................................................................8

*Kearney v. Standard Ins Co.*,
    175 F.3d 1084 (9th Cir. 1999) ................................................................3

*Klund v. High Tech. Sols., Inc.*,
    417 F. Supp. 2d 1155 (S.D.Cal. 2005)....................................................5

*La Jolla Spa MD., Inc. v. Avidas Pharm., LLC*,
    2019 WL 6467715 (S.D.Cal. Dec. 2, 2019) ..........................................3

*McNelis v. Prudential Ins. Co. of Am.*,
    2020 WL 5038745 (W.D.Was. Aug. 26, 2020)......................................10

*Medford v. Metro. Life Ins. Co.*,
    244 F. Supp. 2d 1120 (D. Nev. 2003)....................................................5

ii

*Metro Life Ins. Co. v. Glenn*,
    554 U.S. 105 (2008).............................................................9, 10

*Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*,
    46 F.3d 938 (9th Cir. 1995) ......................................................3

*Moran v. Life Ins. Co. of N. Am. Misericordia Univ.*,
    2014 WL 4251604 (M.D.Pa. Aug. 27, 2014) ...........................11

*Murphy v. Deloitte & Touche Group Ins. Plan*,
    619 F.3d 1151 (10th Cir. 2010) .................................................4

*Nolan v. Health College*,
    551 F.3d 1148 (9th Cir. 2009) .................................................10

*Sandoval v. Aetna Life & Cas. Ins. Co.*,
    967 F.2d 377 (10th Cir. 2002) ...................................................5

*U.S. ex. Rel. Schumer v. Hughes Aircraft Co.*,
    63 F.3d 1512 (9th Cir. 1995), vacated and remanded on other grounds ......................3

*Sconiers v. First Unum Life Ins. Co.*,
    830 F. Supp. 2d 772 (N.D.Cal. 2011) ......................................10

*Stephan v. Unum Life Ins. Co. of Am.*,
    697 F.3d 917 (9th Cir. 2012) .....................................................9

*Tillotson v. Life Ins. Co. of N. Am.*,
    2011 WL 285815 (D.Ut. Jan 28, 2011) ................................5, 9

*Tremain v. Bell Indus., Inc.*,
    196 F.3d 970 (9th Cir. 1999) .....................................................9

*West Coast Theater Corp. v. City of Portland*,
    897 F.2d 1519 (9th Cir. 1990) ...................................................3

*Yancy v. United of Omaha Life Ins. Co.*,
    2015 WL 9311729 (C.D.Cal. Dec. 18, 2015).........................10

**Rules**

Fed. R. Civ. P. 16(b)(4).......................................................................3

Fed. R. Civ. P. 26(b)(1).......................................................................3

iii

Fed. R. Civ. P. 26(f) ................................................................................................ 1, 5

Fed. R. Civ. P. 30(b)(6) ...................................................................................... 1, 5, 6, 9

**Other Authorities**

*Eric P. v. Directors Guild of Am.*,
    Case No. 19-cv-00361-WHO ........................................................................... 2

Defendant Directors Guild of America-Producer Health Plan (the "Plan") hereby opposes Plaintiff Dan C.'s ("Plaintiff") Motion to Extend Discovery Cutoff and Request for Order Shortening Time to Hear This Motion ("Motion").

## I.    INTRODUCTION

This is not a complicated case and it should be decided on the administrative record without the need for discovery.  The parties mutually agreed upon the initial case scheduling order and now, rather than proceeding with cross motions for summary judgment, Plaintiff Dan C.'s counsel requests that the Court extend the discovery cut off thereby rewarding Plaintiff's dilatory conduct in waiting nearly a month and a half to serve discovery upon the Plan.  The parties all agreed to the initial briefing and discovery deadlines knowing that the Plan, as it did with a prior case with Plaintiff's counsel, would oppose any additional discovery.  Plaintiff acknowledges this and even stated that discovery was a "big if," (*See* Dkt. 20, pg. 2:17-20) in an ERISA case.  Yet Plaintiff also claims now that discovery is practically unlimited simply because of his allegation of a breach of fiduciary duty.  ERISA does not warrant such unlimited discovery.  This is a simple ERISA claim for benefits and Defendant already produced a 4,000 page administrative record to Plaintiff's counsel.  This administrative record outlines the careful claims adjudication of Plaintiff's claim for residential treatment benefits by the Plan and Defendant Anthem Blue Cross ("Anthem").

After the Parties submitted their joint Rule 26(f) Case Management Report, where the Parties noted to the Court their disagreement as to whether discovery is justified and appropriate in an ERISA benefits action, Plaintiff sent requests for production of documents and special interrogatories to the Plan nearly a month and a half later on September 14, 2022.  During the hearing on Plaintiff's motion to compel which was denied as untimely, Magistrate Judge MacKinnon dismissed Plaintiff's argument that they had been diligent in pursuing discovery by pointing out that the discovery requests could have been drafted in four hours.  Indeed Plaintiff is no stranger to the Plan and *sought the same discovery and Rule 30(b)(6) depositions of the Plan in a prior case.*

Presumably this discovery was already created then and required no significant time to draft.  After this discovery was served, in a good faith attempt to avoid Court intervention, the Plan agreed to produce the same discovery Judge Orrick allowed in that previous case against the Plan, the *Eric P. v. Directors Guild of Am.*, Case No. 19-cv-00361-WHO matter.  Despite losing this discovery battle in the Eric P. case, Plaintiff rejected the Plan's offer of compromise, filing its motion to compel with the bare-minimum briefing schedule and allowing only two days after the hearing for Magistrate Judge MacKinnon to decide the dispute and order compliance, if necessary.

Magistrate Judge MacKinnon declined to consider the merits of Plaintiff's motion, instead denying his motion as untimely.  (Dkt. 59).  In his order, Magistrate Judge MacKinnon noted that under the District Judge's scheduling order, the discovery cut-off in this case is December 1, 2022, and discovery motions must be filed sufficiently in advance of that cut-off date to allow time for responses to be provided before the cut-off if the motion is granted.  *Id.*

Plaintiff now contends that he diligently pursued discovery and that discovery will not prejudice the Plan.  This is simply not the case.  Plaintiff should not be afforded a second bite at the apple for inexcusably delaying his specious pursuit of irrelevant and unwarranted discovery.  The Court should deny Plaintiff's Motion.

## II.   ARGUMENT

### A.   This Court Should Refuse to Reopen Discovery

Courts examine multiple factors when deciding whether to amend a Rule 16 schedule order reopening discovery.  These factors include:

1) whether trial is imminent; 2) whether the request is opposed;
3) whether the non-moving party would be prejudiced; 4)
whether the moving party was diligent in obtaining discovery
within the guidelines established by the court; 5) the
foreseeability of the need for additional discovery in light of the

DEFENDANT DGA'S OPPOSITION TO PLAINTIFF'S MOTION/REQUEST TO EXTEND DISCOVERY CUTOFF

time allowed for discovery by the district court; and 6) the

likelihood that the discovery will lead to relevant evidence.

*La Jolla Spa MD., Inc. v. Avidas Pharm., LLC*, 2019 WL 6467715 (S.D.Cal. Dec. 2, 2019) citing *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *U.S. ex. Rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), vacated and remanded on other grounds.

"It's 'significantly' harder to reopen discovery once it's closed than to extend a discovery deadline." *Anderson v. Loma Linda Cnty. Hosp.*, 996 F.2d 1223 (9th Cir. 1993) (citing *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990)).  In determining whether to reopen discovery, "[d]istrict courts have 'wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.'" *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (citations omitted). "A district court abuses its discretion *only if the movant diligently pursued previous discovery opportunities*, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Id.* at 1026. (emphasis added) (citations omitted).  The Ninth Circuit "decline[s] to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent." *Id.* at 1027.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the court may order discovery of any matter relevant to the subject matter involved in the action.  Despite the federal policy favoring broad discovery, re-opening discovery, even for a limited purpose, after the deadline set by the Court's Scheduling Order has passed requires a showing of good cause.  Fed. R. Civ. P. 16(b)(4).  However, allowable discovery in the context of an ERISA claim for benefits is much more narrow.  *See Kearney v. Standard Ins Co.*, 175 F.3d 1084, 1090-1091 (9th Cir. 1999); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-944 (9th Cir. 1995) ("In an ERISA case

3

where . . . the plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, [the court] reviews the administrator's decision for an abuse of discretion.") *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010).  Under that framework, "the federal courts are limited to the administrative record" and "extra-record discovery would generally seem inappropriate." *Id.* at 1157.

For the reasons stated below, Plaintiff cannot meet the required showing to reopen discovery.

### 1. Trial is Imminent

Per the Court's Order regarding Schedule of Pretrial and Trial dates (Dkt. 42), the fact discovery cut-off is December 1, 2022, the deadline to complete settlement conference is February 3, 2023, the deadline to lodge the administrative record and plan documents is March 24, 2023, and the deadline to file and exchange opening trial briefs is April 13, 2023.  Because this is an ERISA action where Defendant contests that discovery outside of the administrative record is allowable, re-opening the discovery-cutoff date would subject the Plan to further motion work, briefing, and potentially costly discovery, while simultaneously preparing the Plan's summary judgment briefing and opening trial brief.

### 2. The Plan Opposes Plaintiff's Request

The Plan opposes Plaintiff's meritless pursuit of discovery in this ERISA action.  Plaintiff has cited no controllable, on-point authority that mandates that discovery is allowable in this matter where the trustees, not employers, made the benefits decisions and both management and employees were represented on the Board of Trustees.

### 3. The Plan Would be Prejudiced by Plaintiff's Continued Pursuit of Discovery

Plaintiff's requested discovery sought five years of information regarding the Plan's use of MRI, in relation to its independent medical reviews performed during the claim process for Plan claims, the number of times the Plan utilized MRI for such

4

1  services, and other information related to the number of times that the Plan disagreed
2  with MRI's opinions.  Plaintiff also sought Rule 30(b)(6) depositions of the Plan
3  regarding the handling of the Plaintiff's claims, the actions of the benefits committee, and
4  the Plan's relationship with MRI.

5  Essentially, Plaintiff seeks to undertake a costly and meritless fishing expedition
6  into claims of a "conflict of interest" between the Plan and MRI.  But, the Plan's
7  utilization of MRI does not create a structural conflict of interest.  *See Tillotson v. Life*
8  *Ins. Co. of N. Am.*, 2011 WL 285815, at *2 (D.Ut. Jan 28, 2011).  Plaintiff's continued
9  discovery pursuit is anathema to the purposes of ERISA.

10  In particular, Congress designed ERISA "to provide a method for workers and
11  beneficiaries to resolve disputes over benefits inexpensively and expeditiously."
12  *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380-81 (10th Cir. 2002).  Allowing
13  the district court to go beyond its limited scope of review and consider extra-record
14  materials would undermine this goal, and both prolong the decision-making process and
15  inject greater uncertainty into that process.  *See id.*  As is clear, plaintiffs in ERISA cases
16  involving the denial of benefits are not entitled to discovery as "broad and overreaching .
17  . . as in other types of litigation."  *Klund v. High Tech. Sols., Inc.*, 417 F. Supp. 2d 1155,
18  1159 (S.D.Cal. 2005); *see also Medford v. Metro. Life Ins. Co.*, 244 F. Supp. 2d 1120,
19  1128 (D. Nev. 2003) (stating that the scope of discovery in ERISA cases "should serve
20  both the goals of ERISA and the goal of obtaining justice for the parties involved in the
21  litigation").

22  Therefore, Plaintiff's continued pursuit of discovery would severely prejudice the
23  Plan.

24  ### 4. Plaintiff Did Not Diligently Pursue Discovery

25  On August 5, 2022, the Parties submitted their joint Rule 26(f) Case Management
26  Report to the Court, where the Parties noted their disagreement as to whether discovery is
27  justified and appropriate in this ERISA benefits action.  (*See* Dkt. 39, pg. 3:12).

28

5

1      Within that backdrop, Plaintiff sent requests for production of documents and

2  special interrogatories to the Plan nearly a month and a half later on September 14, 2022.

3  Plaintiff then sought Rule 30(b)(6) depositions of the Plan on October 5, 2022.  Notably,

4  the discovery requests were practically identical to the discovery sought in the Eric P.

5  matter.  In ruling on the discovery dispute in the Eric P. matter on January 22, 2020,

6  Judge William Orrick rejected Plaintiff's counsel's broad request for written and oral

7  discovery, but ordered limited written discovery to the extent it was not already produced

8  related to the plaintiff Eric P.'s claim for benefits.  Here, in a good faith attempt to avoid

9  Court intervention, the Plan agreed to produce the same discovery Judge Orrick allowed

10  in the Eric P. matter.  Despite losing this discovery battle in the Eric P. case, Plaintiff

11  rejected the Plan's offer of compromise, filing its motion to compel with the bare-

12  minimum briefing schedule and allowing only two days for Magistrate Judge MacKinnon

13  to decide the dispute and order compliance, if necessary.

14      Magistrate Judge MacKinnon declined to consider the merits of Plaintiff's motion,

15  instead denying it as untimely.  (Dkt. 59.)  In his order, Magistrate Judge MacKinnon

16  noted that under the District Judge's scheduling order, the discovery cut-off in this case is

17  December 1, 2022, and discovery motions must be filed sufficiently in advance of that

18  cut-off date to allow time for responses to be provided before the cut-off if the motion is

19  granted.  *Id.*

20      At oral argument for their Motion to Compel, Magistrate Judge MacKinnon

21  questioned Plaintiff's counsel why discovery was not sought earlier knowing that the

22  December 1, 2022 cutoff date was looming.  Judge MacKinnon further asserted that the

23  discovery requests could not have taken Plaintiff's counsel more than four hours to

24  complete.  Knowing that these requests were practically identical to the requested

25  discovery in the Eric P. matter, it would seem that these requests could have been

26  completed in substantially less time than that.  Plaintiff's counsel had no legitimate

27  reason, and has no legitimate reason now for why discovery was not pursued earlier.

28  ///

5.   <u>Plaintiff Agreed to the Schedule Ordered by the District Court, Yet Delayed in Pursuing Discovery</u>

Plaintiff cannot claim that the Plan acted in bad faith with respect to this discovery dispute. Plaintiff's counsel were not "hoodwinked" with a shortened briefing schedule; Plaintiff jointly agreed to a December 1, 2022 discovery cutoff date, with full knowledge that allowable discovery was a contentious issue (Dkt. 39, pg. 3:12) and Defendants' position with respect to allowable discovery (Dkt. 39, pg. 6:1-18).

Indeed, the Court's own Scheduling Order (Dkt. 42, pg. 4:5-12) indicates that the cut-off date for discovery is not the date by which discovery requests must be served; it is the date by which <u>all</u> discovery, including <u>all hearings</u> on any related motions, must be completed. The Scheduling Order adds that written discovery must be served in advance of the discovery cut-off "to permit the propounding party enough time to challenge responses deemed to be deficient via motion practice. Given the requirements to meet and confer and to give notice, a planned motion to compel must ordinarily be discussed with the opposing party at least six (6) weeks before cut-off."

Despite this, Plaintiff misleads the Court by claiming the Plan "engaged in gamesmanship" and delayed in providing edits to Plaintiff's counsel in the Joint Stipulation regarding the Discovery Dispute ("Joint Stipulation"). (*See* Motion, pg. 6). Plaintiff's own unreasonable delay was the cause of Plaintiff's filing their Motion to Compel to be heard with the bare-minimum briefing time. Indeed, the Joint Stipulation was a 145-page document--the Plan provided its portion of this major filing with hundreds of pages of argument and discussion in the time requested. *See* Declaration of Ryan R. Tikker in support of Opposition ("Tikker Decl.") at ¶¶2-7.

In fact, Plaintiff's counsel wrote to the Plan on October 31, 2022, requesting that the Plan return a finalized version of the Joint Stipulation by November 7, 2022. *See* Declaration of Ryan R. Tikker ("Tikker Decl.") at ¶2. The Plan completed its portion of the Joint Stipulation and sent this to Plaintiff's counsel on November 7, 2022 at 1:23 p.m. *Id.* at ¶3. The parties further met and conferred as to the language regarding the meet and

confer discussion in the Joint Stipulation and the supportive Declaration of David

Lilienstein, and Plaintiff indicated it would file the motion on November 8, 2022.  *Id.* at

¶¶4-5.  Plaintiff's counsel filed the Joint Stipulation on November 8, 2022.  *Id.* at ¶6.

Plaintiff baselessly assigns blame to the Plan for adhering to the schedule for the Motion

to Compel/Joint Stipulation it unilaterally chose, and for stipulating to a December 1,

2022 discovery cut-off date.

In reality, Plaintiff's dilatory conduct is the cause for Judge MacKinnon's denial of

its Motion to Compel.

6.    <u>It is Unlikely That Plaintiff's Discovery Will Lead to Relevant</u>
<u>Evidence.</u>

Plaintiff broadly contends that entitlement to discovery is presumed when an

ERISA plaintiff alleges a breach of fiduciary duty claim under Section 1132(a)(3).  *See*

Motion, pg. 9:8-10.  But, Plaintiff cannot cite to controllable authority that discovery is

allowable in an ERISA action when there is no structural conflict of interest.  Here, the

trustees, not employers, made the benefits decisions and both management and

employees were represented on the Board of Trustees.  *See Anderson v. Suburban*

*Teamsters of N. Illinois Pension Fund Bd. Of Trustees*, 588 F.3d 641, 648 (9th Cir.

2009); *see also Jones v. Laborers Health & Welfare Tr. Fund*, 906 F.2d 480, 481 (9th

Cir. 1990) ("Because the Board of Trustees consists of both management and union

employees, there is no conflict of interest to justify less deferential review.")  Therefore,

there is no structural conflict of interest that would entitle a plaintiff to discovery.

The Plan has already produced over 4,000 pages of records concerning Plaintiff's

claim for residential treatment services, which constitute the administrative record the

Court will rely upon in determining whether the Plan abused its discretion in denying

Plaintiff's claim for benefits.  In good faith, and in the hopes of avoiding Court

intervention, the Plan produced the Eric P. category of information, including meeting

minutes where the Dan C. appeal was heard and invoices involving the Plan's payment to

Medical Review Institute of America (MRI) to review Dan C.'s appeal.  MRI is a third-

party medical review company that holds dual URAC accreditations in Health Utilization Management and Independent Review Organization, as well as accreditation by NCQA in Utilization Management and security certification by HITRUST.[1]

The more pressing issue is that this requested discovery will not lead to relevant evidence.  Plaintiff's requested discovery sought five years of information regarding the Plan's use of MRI, in relation to its independent medical reviews performed during the claim process for Plan claims, the number of times the Plan utilized MRI for such services, and other information related to the number of times that the Plan disagreed with MRI's opinions. Plaintiff also sought Rule 30(b)(6) depositions of Plan regarding the handling of the Plaintiff's claims, the actions of the benefits committee, and the Plan's relationship with MRI. None of this discovery impacts how the Plan decided Plaintiff's claim.

Essentially, Plaintiff seeks to undertake a costly and meritless fishing expedition into claims of a "conflict of interest" between the Plan and MRI.  But, the Plan's utilization of MRI does not create a structural conflict of interest.  *See Tillotson v. Life Ins. Co. of N. Am.*, 2011 WL 285815, at *2 (D.Ut. Jan 28, 2011).  Plaintiff claims he is entitled to bias discovery pursuant to *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917 (9th Cir. 2012) and *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). These matters are inapposite because the defendants Unum and Alta Health were responsible for evaluating benefits claims and paying them, thus they operated under a conflict of interest, which per the Supreme Court's ruling in *Metro Life Ins. Co. v. Glenn*, 554 U.S. 105, 113 (2008), must be weighed as a factor in determining whether there is an abuse of discretion.  *Stephan* and *Abatie* do not apply as these matters involve structural conflicts of interest, where an insurer acts as both the plan administrator and the funding source of benefits.  *See Abatie*, 458 F.3d at 965 (citing *Tremain v. Bell Indus., Inc.*, 196

---

[1] About the Medical Review Institute of America, MRIOA.COM, https://www.mrioa.com/about-us/ (last visited December 20, 2022).

F.3d 970, 976 (9th Cir. 1999) (noting that a conflict of interest exists when an insurer both administers and funds an ERISA plan)).

The cases that Plaintiff has cited for allowing conflict of interest discovery all involve these structural conflicts of interest:

- *Yancy v. United of Omaha Life Ins. Co.,* 2015 WL 9311729, at \*16 (C.D.Cal. Dec. 18, 2015) ("Defendant was operating under a structural conflict of interest, which, in light of all the evidence, appears to have impacted the handling of Plaintiff's claim.")

- *Caplan v. CAN Fin. Corp.*, 544 F. Supp. 2d 984, 991 (N.D.Cal. 2008) ("Like the defendant in *Abatie*, Hartford operates under a structural conflict of interest: it is both the Plan administrator and the funding source for benefits paid under the Plan.")

- *Nolan v. Health College*, 551 F.3d 1148, 1153 (9th Cir. 2009) ("However, as the parties agree that MetLife operates under a structural conflict of interest as an entity that both determines eligibility for benefits and pays benefits awards, the precise standard of review in this case requires our consideration of *Abatie*, 458 F.3d 955, and the recent United States Supreme Court opinion in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).")

- *McNelis v. Prudential Ins. Co. of Am*., 2020 WL 5038745 (W.D.Was. Aug. 26, 2020) (denying motion to quash subpoenas for depositions, but probably involving a structural conflict of interest as the defendant is Prudential).

- *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383 (W.D.Wash. 2017) (allowing limited discovery under de novo review);

- *Sconiers v. First Unum Life Ins. Co.*, 830 F. Supp. 2d 772, 778 (N.D.Cal. 2011) (allowing discovery under abuse of discretion to determine Unum's conflict of interest as it acted as both claims administrator and payor under the Plan pursuant to *Glenn*, 554 U.S. at 108).

DEFENDANT DGA'S OPPOSITION TO PLAINTIFF'S MOTION/REQUEST TO EXTEND DISCOVERY CUTOFF

- *Moran v. Life Ins. Co. of N. Am. Misericordia Univ.*, 2014 WL 4251604, at *9 (M.D.Pa. Aug. 27, 2014) (denial of benefits reviewed under de novo, which is appropriate under Pa. precedent).

Plaintiff's claim that discovery is allowable here relies on a false premise. The Plan indisputably does not operate under a structural conflict of interest. Therefore, no discovery is allowable outside of the already-robust administrative record.

## III.   CONCLUSION

Plaintiff's opposed Motion should be denied. The agreed-upon Scheduling Order places strict deadlines upon the Parties that are soon approaching. Re-opening discovery would severely prejudice the Plan, confuse the issues, and negatively impact the Plan's ability to prepare for summary judgment and the bench trial. The additional time and cost in defending Plaintiff's meritless pursuit of discovery would frustrate the purpose of ERISA, which is to provide a method to resolve disputes over benefits inexpensively and expeditiously. Further, Plaintiff unreasonably delayed in pursuing discovery despite mutually agreeing to the schedule ultimately ordered by the Court. Thus, the Court should deny the Motion.


DATED: December 22, 2022                          Respectfully submitted,

                                                  SEYFARTH SHAW LLP


                                                  By: _____
                                                      Kathleen Cahill Slaught
                                                      Ryan R. Tikker
                                                      Attorneys for Defendant
                                                      DIRECTORS GUILD OF AMERICA-
                                                      PRODUCER HEALTH PLAN

90575667v.1

DEFENDANT DGA'S OPPOSITION TO PLAINTIFF'S MOTION/REQUEST TO EXTEND DISCOVERY CUTOFF