UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN C.,<br><br>            Plaintiff,<br><br>      v.<br><br>DIRECTORS GUILD OF AMERICA—PRODUCER HEALTH PLAN,<br><br>            Defendant. | Case No. 2:22-cv-03647-FLA (AFMx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND STRIKING DEFENDANT'S MOTION FOR SUMMARY ADJUDICATION [DKTS. 98, 102]** |

**RULING**

Before the court are Defendant Directors Guild of America—Producer Health Plan's ("Defendant") Motion for Reconsideration (Dkt. 98) and Motion for Summary Adjudication as to Determination of Standard of Review ("Motion for Summary Adjudication," Dkt. 102). A bench trial in the matter is currently scheduled for December 13, 2023, at 9:00 a.m. Dkt. 93. For the reasons stated herein, the court DENIES Defendant's Motion for Reconsideration and STRIKES Defendant's Motion for Summary Adjudication.

**DISCUSSION**

I. **Motion for Reconsideration**

On November 13, 2023, Defendant filed a Motion for Reconsideration requesting the court reconsider its October 27, 2023 Order Granting in part and Denying in part Defendant's Motion for Summary Judgment. Dkt. 92 ("Summary Judgment Order"). Defendant contends grounds for reconsideration exist because the court incorrectly applied a de novo standard of review, instead of an abuse of discretion standard of review. Dkt. 98 ("Mot. Reconsideration") at 12.

Under Ninth Circuit precedent, the default standard of review for a denial of benefits claim under the Employment Retirement Income Security Act ("ERISA") is de novo, "unless the benefit plan gives the [plan's] administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If so, a court must apply an abuse of discretion standard of review. The language granting discretionary authority must be unambiguous for the abuse of discretion standard to apply. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc).

The court, in its Summary Judgment Order, originally noted the health plan documents at issue vested Defendant's Board of Trustees with discretionary authority, sufficient to warrant an abuse of discretion standard of review, but that the claim

2

denials at issue were made by the Claim Administrator (Anthem) and Defendant's Benefits Committee—not Defendant's Board of Trustees. Dkt. 92 at 9-10. Based on the absence of evidence unambiguously conferring either entity with the authority to make final decisions on behalf of the Board of Trustees, the court ultimately engaged in a de novo review. *Id.*

Defendant argues the "only decision under review by the [c]ourt is the Benefits Committee's decision to deny Plaintiff's claim and appeal," that the evidence conferring authority to the Benefits Committee is "hardwired into the operation of [the health plan documents]," and "there is no other writing necessary to evidence a grant from the Board of Trustees of discretion to the Benefits Committee when the grant is explicitly set forth in the Trust Agreement." *Id.* at 14, 16-18.[1]

Local Rule 7-18 provides in relevant part:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

---

[1] Defendant additionally argues the court failed to consider evidence establishing Anthem possesses the requisite authority to deny claims. As Defendant argues Anthem's denial of Plaintiff's claim is not as issue and because Anthem has since been dismissed as a defendant, the court focuses solely on Defendant's arguments as they pertain to the Benefits Committee's discretionary authority. *See* Mot. Reconsideration at 8 ("Despite the clear language of the SPD regarding Anthem's discretionary authority, however, that authority … is not before this Court. Instead, it is the Plan's decision, via the Benefits Committee, to deny Plaintiff's appeal that is at issue.").

     Defendant fails to satisfy this standard. Defendant does not identify any materially different or new law or evidence which was not originally before the court when it issued its Summary Judgement Order. *See* Local Rule 7-18(a), (b). Instead, Defendant argues the court failed to consider language in the Summary Plan Document ("SPD"), which purportedly grants the Benefits Committee the requisite discretionary authority. Mot. Reconsideration at 8. The court does not dispute that the Trust Document and SPD are to be construed together. However, Defendant fails to establish the court did not consider the SPD before issuing its original Summary Judgment Order. Instead, Defendant now, for the first time, introduces language from the SPD in furtherance of its arguments, which it could have cited and emphasized in its original Motion for Summary Judgment. Defendant, thus, attempts to re-litigate its claims by arguing the court failed to consider material facts (specifically, certain language in the SPD), when in actuality, Defendant failed to present adequately the facts upon which it now seeks to rely. Accordingly, Defendant's Motion for Reconsideration constitutes an improper attempt to re-argue and better develop arguments it advanced or could have advanced through "the exercise of reasonable diligence" in its original Motion for Summary Judgment (Dkt. 79). *See* Local Rule 7-18(c). The Motion for Reconsideration, therefore, is DENIED.

## II. Motion for Summary Adjudication

     Defendant also filed a Motion for Summary Adjudication on November 14, 2023. Dkt. 102. This court's Initial Standing Order prohibits a party from filing "more than one motion pursuant to Fed. R. Civ. P. 56 without leave of court, regardless of whether such motion is denominated a motion for summary judgment or summary adjudication." Dkt. 37 at 8. Defendant has not sought or obtained leave to file the Motion for Summary Adjudication. Accordingly, the Motion for Summary Adjudication is STRICKEN as improperly filed.

///

///

**CONCLUSION**

For the foregoing reasons, the court DENIES Defendant's Motion for Reconsideration (Dkt. 98), and STRIKES Defendant's Motion for Summary Adjudication (Dkt. 102). Defendant's Application to file portions of its Motion for Summary Adjudication under seal (Dkt. 100) is DENIED as moot. The bench trial will proceed as scheduled.

IT IS SO ORDERED.

Dated: November 30, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge