UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN C.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-3647-FLA (AJRx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS [DKT. 119]** |

## RULING

Before the court is Plaintiff Dan C.'s ("Plaintiff") Motion for Attorney's Fees ("Motion"). Dkt. 119 ("Mot."). Defendant Directors Guild of America—Producer Health Plan ("Defendant") opposes the Motion. Dkt. 121 ("Opp'n"). The court took the matter under submission on June 20, 2024. Dkt. 127; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS in part the Motion and AWARDS Plaintiff: (1) $280,245.00 in attorney's fees; (2) $2,889.00 in total costs; and (3) prejudgment interest on the past-due benefits owed, at the statutory rate specified in 28 U.S.C. § 1961(a).

1

## **BACKGROUND**

This matter arises from the denial of a request for benefits under a tax-exempt, multi-employer health plan, governed under the terms of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, *et seq.* On April 18, 2024, the court entered judgment for Plaintiff. Dkt. 118.

The background facts and relevant procedural history regarding the parties' dispute are set forth in the court's Order Following Bench Trial, issued on April 9, 2024 (Dkt. 116, "Trial Order"), which the court incorporates by reference into this Order.

## **DISCUSSION**

**I.  Legal Standard**

ERISA vests courts with the discretion to award attorney's fees to either party. 29 U.S.C. § 1132(g)(1) ("[T]he court in its discretion may allow a reasonable attorney's fee and costs of action to either party"). Courts "ordinarily grant a prevailing beneficiary in an ERISA action reasonable attorneys' fees and costs, absent special circumstances cautioning against it." *Boston Mut. Ins. v. Murphree*, 242 F.3d 899, 904 (9th Cir. 2001).

In determining whether to grant an award of fees, a court must first decide whether the claimant has "achieved some degree of success on the merits." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). If so, the court then considers five factors: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions (the "*Hummell* factors"). *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). No single factor is dispositive. *Simonia*, 608 F.3d at 1122.

If a party is entitled to attorney's fees, the court then determines the reasonableness of the fee requested. The Ninth Circuit has adopted the "hybrid lodestar/multiplier" approach "as the proper method for determining the amount of attorney's fees in ERISA actions." *Potter v. Blue Shield of California Life and Health Insurance Company*, Case No. 14-cv-00837-DOC (ANx), 2017 WL 11633695, at *6 (C.D. Cal. June 27, 2017).

**II.  Analysis**

    **A.  Success on the Merits**

A claimant reaches "'some degree of success on the merits' … if the court 'can fairly call the outcome of the litigation some success ... without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue.'" *Harlow v. Metro. Life Ins. Co.*, 379 F. Supp. 3d 1046, 1052 (C.D. Cal. 2019) (cleaned up). Here, Plaintiff has reached some degree of success on the merits as he prevailed on his request for payment of previously denied medical benefits by Defendant—the central issue presented in this action— and obtained judgment in his favor. Trial Order at 15; Dkt. 118.

    **B.  *Hummell* Factors**

Having determined Plaintiff has achieved success on the merits, the court considers the *Hummell* Factors to determine whether an award is appropriate.

        1.  <u>Culpability or Bad Faith</u>

"For the purposes of this factor, it can be sufficient to show that the defendants are 'culpable' in that they were found to owe Plaintiff a legal duty that they were not fulfilling." *Soohyun Cho v. First Reliance Standard Life Ins. Co.*, Case No. 18-cv-4132-MWF (SKx), 2020 WL 4341587, at *2 (C.D. Cal. May 27, 2020).

Here, the court found Defendant "disregarded relevant medical evidence and did not afford Plaintiff a full and fair review of his claims" as required by ERISA. Trial Order at 12. Additionally, the court found "[t]here [was] no indication that Defendant … engaged with the voluminous medical record, consulted with []

treatment providers, or ascribed any weight to the letters of medical necessity," and instead "summarily denied Plaintiff's appeals" in violation of the fiduciary duties imposed by ERISA. *Id.* at 13.

Moreover, after the court denied Defendant's Motion for Summary Judgment (Dkts. 79, 92), Defendant filed another Motion for Summary Adjudication (Dkt. 102) in violation of the court's standing order, which prohibits a party from filing "more than one motion pursuant to Fed. R. Civ. P. 56 without leave of court, regardless of whether such motion is denominated a motion for summary judgment or summary adjudication," thereby increasing Plaintiff's litigation expenses. Dkt. 37 at 8. Accordingly, the first *Hummell* factor weighs in favor of a fee award.

### 2. Ability to Satisfy Award

The second factor considers Defendant's ability to satisfy a fee award. "[A]t least as to a suit involving an ERISA beneficiary as a plaintiff, a defendant[ ]'s ability to pay should weigh strongly in favor of an award of fees." *Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1058 (9th Cir. 2017). Defendant challenges whether this factor weighs in Plaintiff's favor, but concedes it "has the financial ability to pay fees[.]" Opp'n at 10. Thus, this factor supports a fee award.

### 3. Deterrence

The third factor asks whether the awarding of fees in the instant matter would deter future violations of ERISA. *Hummell*, 634 F.2d at 453. Plaintiff argues this "action exposed a claims handling process that is clearly flawed and lacks proper oversight. A substantial attorney's fee award will send a message to [Defendant] that it must stop the rubber-stamp approach to mental health claims that was evidence herein." Mot. at 15. Defendant counters an "award of fees will have no deterrent effect because [it] relied upon multiple Board Certified doctors in upholding the denial of Plaintiff's claim for benefits." Opp'n at 11. The court agrees with Plaintiff.

Regardless of Defendant's justifications for its actions, the court held Defendant violated ERISA by depriving Plaintiff "a full and fair review of his claims," (Trial

4

Order at 12), and finds the "prospect of paying fees would [] create an additional incentive for [Defendant] to comply with ERISA[.]" *Villalobos v. Downey Grinding Co.*, Case No. 19-cv-00150-JVS (ADSx), 2022 WL 2965669, at *4 (C.D. Cal. Feb. 3, 2022) (internal citations omitted). Additionally, "declining to award fees may deter future plaintiffs from bringing lawsuits." *Id.*; *see also Cohen v. Aetna Life Insurance Company*, Case No. 19-cv-01506-DOC (DFMx), 2021 WL 2070205, at *4 (C.D. Cal. May 18, 2021) (finding third factor supported fee award because court's "findings and conclusions indicated that Plaintiff had a valid argument for benefits").

        4.    <u>Significance of Legal Issue or Benefit to Plan Participant</u>

The fourth factor weighs in favor of an award "when a claimant benefits other plan participants or the plan as a whole." *Cohen*, 2021 WL 2070205, at *5 (citing *Mardirossian v. Guardian Life Ins. Co. of America*, 457 F. Supp. 2d 1038, 1045 (C.D. Cal. 2006). A claimant provides such benefit when the action "assist[s] plan fiduciaries to some degree in their future administration of plan benefits," or clarifies the terms of the plan "by settling a disputed provision or an ambiguity." *Id.*

As stated, the court determined previously Defendant's practices were violative of ERISA, and detailed a number of flaws in Defendant's claim review process. Trial Order at 12–15 (holding, *inter alia*, Defendant disregarded relevant medical evidence, did not provide "any rational explanation for their findings," failed to acknowledge "Plaintiff's reliable evidence of medical necessity," and impermissibly engaged the same medical doctor for review of Plaintiff's first and second level appeals). Accordingly, Plaintiff "obtained a favorable judgement that will help future claimants clarify their right to [] benefits," *Cohen*, 2021 WL 2070205, at *5, and an award of fees will benefit other ERISA plan participants in similar situations. This factor weighs in favor of a fee award.

        5.    <u>Relative Merits of Parties' Positions</u>

Plaintiff argues this factor supports a fee award because the court found Defendant improperly withheld benefits from Plaintiff. Mot. at 16. Defendant

maintains its "position in this lawsuit was not unmeritorious … and submits that there is substantial evidence in the administrative record from which one could reasonably conclude that Plaintiff was not entitled to benefits." Opp'n at 13. As this factor requires consideration of the *relative* merits of the parties' positions, the court finds this factor weighs in Plaintiff's favor, as Plaintiff obtained "full relief by way of judgment." *Cohen*, 2021 WL 2070205, at *5; Dkt. 118.

### C. Reasonableness of the Fees and Costs Requested

Having found Plaintiff achieved success on the merits and the *Hummell* factors support an award, the court turns to the reasonableness of the fee requested using the lodestar method. To calculate the lodestar, courts multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate in the community for similar work. *Potter*, 2017 WL 11633695, at *6.[1]

#### 1. Hourly Rate

"[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Villalobos*, 2022 WL 2965669, at *4 (citing *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)).

Plaintiff's counsel seek the following hourly rates: $850 for founding partner David M. Lilienstein ("Lilienstein"); $750 for partner Katie J. Spielman ("Spielman"); and $250 for legal support staff. Mot. at 17. Lilienstein and Spielman attest to their education, experience, and expertise in litigating ERISA matters. Dkts. 119-1

---

[1] The court may increase or decrease the lodestar based on several factors, including the time and labor required, difficulty of the questions involved, skill required to perform the legal service, preclusion of other employment by the attorney due to acceptance of the case, customary fees, whether the fee is fixed or contingent, limitations imposed by the client, the amount involved and results obtained, reputation of the attorneys, the "undesirability" of the case, and the nature of the professional relationship between counsel and client. *Villalobos*, 2022 WL at 2965669, at *2. As Plaintiff does not request or explain the basis for imposing a multiplier, the court does not consider whether these factors warrant a variance in its award of fees.

("Lilienstein Decl.") ¶¶ 2–12; 119-4 ("Spielman Decl.") ¶¶ 2–9.  Plaintiff also submits the declarations of attorneys Joseph Creitz, Brian Kim, Michelle Roberts, and Glenn Kantor (all of whom are prominent practitioners in the area of employee benefits litigation), who attest to the reasonableness of the hourly rates requested by Plaintiff's counsel and the positive reputation of Lilienstein and Spielman.  Dkts. 119-6, 119-7, 119-8; *see United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."); *Andresen v. International Paper Co.*, Case No. 13-cv-02079-CAS (AJWx), 2015 WL 3648972, at *13 (C.D. Cal. June 10, 2015) (same).

In opposition, Defendant argues Plaintiff's hourly rates are excessive, and requests the court decrease the hourly rates to $350 for Lilienstein, $300 for Spielman, and $100 for legal staff as a "more adequate[] reflect[ion] of what lawyers/staff of comparable skill, experience and reputation could command in the relevant legal community."  Opp'n at 15–16.  The court declines to do so.

As an initial matter, the comparison between Plaintiff's counsel rates and "defense counsel's own rates … is inapposite, as the relevant market is the market for ERISA plaintiffs' lawyers of comparable skill in the Central District of California." *Mosqueda v. Sedgwick Claims Management Services, et al.*, Case No. 21-cv-04811-SB (ASx), 2022 WL 4546879, at *3 (C.D. Cal. Aug. 24, 2022) (cleaned up).  Courts in this district have approved similar rates as those requested by Plaintiff's counsel. *See Potter*, 2017 WL 11633695 (approving hourly rate of $700 for lead counsel in ERISA matter); *Cohen*, 2021 WL 2070205, at *10 (approving rate of $750 per hour in ERISA case); *Mosqueda*, 2022 WL 4546879, at *3 (approving hourly rate of $800 per hour).

Notably, too, Plaintiff has submitted evidence that Defendant's counsel previously sought $640 per hour in a motion for recovery of attorney's fees in a

separate matter. Dkt. 125-1, Ex. A. In support of that motion, Defendant's counsel argued she "charges $640 per hour," and that "in 2015, the Central District of California Court held that $750 per hour was a reasonable rate for a Partner in an employment law case with twenty years of experience." *Id.* (citing *Andresen*, 2015 WL 3648972, at *13).

Accordingly, after reviewing the parties' arguments and materials submitted, and based on the court's own knowledge and experience, the court finds the hourly rates requested by Plaintiff's counsel are reasonable and consistent with rates charged by attorneys with comparable skill and experience litigating actions of similar complexity in this district.

### 2. Hours Expended

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Plaintiff's counsel has submitted its billing records, broken down by attorney, task performed, and hours expended on each task. Lillienstein Decl., Ex. A; Spielman Decl., Ex. A. In total, the billing records account for 398.9 hours (171.3 hours spent by Lilienstein, 140.2 hours by Spielman, and 87.4 hours by legal staff). Dkt. 125-1, Ex. C.

Defendant argues the hours should be reduced because a majority of the "time entries contain vague and inadequate descriptions," and "many entries are block billed." Opp'n at 16. Block billing is the process of "showing one amount of time for multiple discrete tasks." *Rangel v. Aetna Life Insurance Company*, Case No. 15-cv-00303, 2016 WL 1449539, at *6 (C.D. Cal. Apr. 12, 2016).

The court finds the time entries to be sufficiently detailed and to reflect a reasonable number of hours for the tasks performed in this matter. With respect to Defendant's claims of block billing, a number of the challenged entries indeed group multiple tasks into time entries; however, these entries involve interrelated tasks which are often conducted together. For example, Lilienstein billed 2.7 hours for

"legal research re motion to dismiss, prepare my declaration, draft Opposition," and Spielman billed four hours to "prepare for bench trial, run through powerpoint, [and] review administrative record and chronology." Lilienstein Decl., Ex. A; Spielman Decl., Ex. A. Moreover, a majority of the entries Defendant challenges as being block billed amount to less than one hour in total. Thus, Plaintiff's counsel have not "lumped together discrete tasks," so as to "make[] the task of evaluating the reasonableness of the time spent" more difficult. *Dragu v. Motion Picture Industry Health Plan for Active Participants*, 159 F. Supp. 1121, 1129 (N.D. Cal. 2016) (declining to strike entries for block billing where counsel "simply chose to devote large chunks of time to a single task").

     3.  Costs

  Pursuant to 29 U.S.C. § 1132(g)(1), the court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." However, a claimant may recover "only the 'costs' allowed by 28 U.S.C. § 1920 and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821, or by similar such provisions." *Harlow*, 379 F Supp. 3d at 1060 (internal quotations marks and citation omitted). A court may also award "reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. § 1920." *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006); *see also Harlow*, 379 F. Supp. 3d at 1060. "Reasonable attorney's fees" include litigation costs and expenses "only when it is the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates." *Trustees*, 460 F.3d at 1257 (internal quotation marks and citation omitted).

  Plaintiff seeks a total of $3,296.37 in costs and litigation expenses. Mot. at 22. First, Plaintiff seeks statutorily approved costs in the amount of $402 for filing fees. *Id.* This cost is recoverable under 28 U.S.C. § § 1920(1) as a filing cost paid to the clerk of the court.

Plaintiff's counsel also incurred $2,894.37 in costs to prepare a PowerPoint exhibit for use during the bench trial and for expenses incurred during travel to attend hearings and trial in Los Angeles,[2] and contends these costs are recoverable because they are "customarily charged to clients in this legal community." Mot. at 22; Lilienstein Decl., Ex. B. The court has reviewed the travel-related costs—specifically, airfare, transportation, and lodging—and concludes such expenses are reasonable and recoverable. *See Vasquez v. Cargill, Inc.*, Case No. 06-cv-00008-CJC (RNBx), 2008 WL 7825955, at *7 (C.D. Cal. Mar. 13, 2008) (allowing recovery of postage, airfare, lodging, and mileage costs in ERISA matter); *Oldoerp v. Wells Fargo and Company Long Term Disability Plan*, Case No. 08-cv-05278-RS, 2014 WL 2621202, at *8 (N.D. Cal. June 12, 2014).

However, the court reduces recovery of costs by $407.37 for the entry titled "Ace Attorney Service," as Plaintiff does not offer any description for this expense from which the court can determine whether recovery is permissible or reasonable. Lilienstein Decl., Ex. B. To the extent this cost was incurred for preparation of the PowerPoint exhibit used during the bench trial, Plaintiff does not provide authority supporting recovery for such expenses. Accordingly, the court grants Plaintiff's requests for costs in the amount of $2,889.00.

### D. Prejudgment Interest

Plaintiff also requests prejudgment interest on the benefits due by Defendant. Mot. at 22-23. "A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007). The decision as to whether to award such interest is "a question of fairness, lying with the court's sound discretion, to be answered by balancing the equities." *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir.

---

[2] Plaintiff filed this action originally in the Northern District of California, where Plaintiff's counsel is located, but ultimately litigated the matter in this district after Defendant's motion to transfer venue to this district was granted. Dkts. 16, 30.

1995). "[T]he interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Blankenship*, 486 F.3d at 628 (internal citation omitted). The interest rate may compensate a plaintiff for "the losses he incurred as a result of [the defendant's] nonpayment of benefits." *Doe v. Prudential Insurance Company of America*, 258 F. Supp. 3d 1089, 1093 (C.D. Cal. 2017).

The court exercises its discretion to award Plaintiff pre-judgment interest at the statutory rate prescribed in 28 U.S.C. § 1961 to compensate Plaintiff for the denial of benefits. *See Hawkins-Dean v. Metropolitan Life Ins. Co.*, 514 F. Supp. 2d 1197, 1200 (C.D. Cal. 2007) (awarding prejudgment interest because "[o]ver the past eight years, Plaintiff ha[d] been denied the correct amount of disability payments to which she was entitled"); *Porco v. Prudential Ins. Co. of America*, 682 F. Supp. 2d 1057, 1081 (C.D. Cal. 2010) ("As the court has concluded that [plaintiff] was entitled to benefits at the time they were terminated, it finds that an award of prejudgment interest is appropriate to make him whole.").

## **CONCLUSION**

For the reasons stated above, the court GRANTS in part Plaintiff's Motion and AWARDS Plaintiff: (1) $280,245.00 in attorney's fees; (2) $2,889.00 in costs; and (3) prejudgment interest on the benefits owed, at the statutory rate specified in 28 U.S.C. §1961(a).

IT IS SO ORDERED.

Dated: August 30, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge